# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0956** (Kanawha County 79-F-274)

**Clyde Richey,**
**Defendant Below, Petitioner**

**FILED**

**October 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Clyde Richey, by counsel Wiley Newbold and Valena Beety, and Rule 10 law students Bradley J. Wright and Michelle Schaller, appeals the order of the Circuit Court of Kanawha County, entered on September 20, 2016, which denied his motion for a new trial and motion for expedited relief. Respondent State of West Virginia appears by counsel Zachary Aaron Viglianco.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, a former state legislator, was convicted following a jury trial in 1979 of third-degree sexual assault after fourteen-year-old D.B. testified that petitioner anally penetrated him in a hotel room while D.B. stayed in Charleston for service as a legislative page. D.B. reported the assault to his mother when he returned home two days later. His mother took him to West Virginia University Hospital where a doctor ordered, among other testing, a cytological smear to detect the presence or absence of spermatozoa. Cytologists created a slide ("slide R1") of the cytological smear, but the State did not use slide R1 at trial. Trial testimony clarified that no spermatozoa was detected in testing. Petitioner initially maintained that he learned of slide R1 approximately ten years after trial; however, after filing his brief with this Court, petitioner filed an "addendum to correct factual inaccuracy" informing the Court that trial counsel was, in fact, aware of slide R1.

---

[1] Petitioner filed, on January 23, 2017, a motion for leave to supplement the record on appeal with documents from the litigation of his prior petitions for writ of habeas corpus. We find that those documents are unnecessary to our resolution of this appeal, and petitioner's motion is thus denied.

1

Petitioner was sentenced to five years of probation, and that sentence has been discharged; however, he is a registered sex offender. Petitioner appealed his conviction, and the conviction was affirmed. *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982). Petitioner has sought post-conviction relief in the Circuit Court of Kanawha County or before this Court on multiple occasions, as set forth in *State ex rel. Richey v. Hill*, 216 W.Va. 155, 603 S.E.2d 177 (2004). In that matter, we denied petitioner's original jurisdiction petition for a writ of mandamus wherein he sought an order directing or permitting DNA testing on three pairs of the victim's underwear that were presented as evidence at trial.[2] We explained that

> no one is "entitled to appeal upon appeal, attack upon attack, and habeas corpus upon habeas corpus." *Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975). *Accord United States v. Quinones*, 313 F.3d 49, 62 (2d Cir.2002) (finding no fundamental right to "the continued opportunity to exonerate oneself throughout the natural course of one's life[.]"), *cert. denied*, 540 U.S. 1051, 124 S.Ct. 807, 157 L.Ed.2d 702 (2003). Having thoroughly considered the merits of his claims, we agree that litigation must end sometime and "[t]hat time has come for Mr. [Richey]." *United States v. Keane*, 852 F.2d 199, 206 (7th Cir.1988).

*Id.* at 167, 603 S.E.2d at 189.

Nevertheless, in 2005, petitioner filed a civil action in the Magistrate Court of Monongalia County seeking to compel West Virginia University Hospital to produce slide R1, and the magistrate court inexplicably ruled in his favor. Petitioner took custody of slide R1 more than a decade ago, in 2006. At some point, he obtained independent genetic testing from a Nevada-based laboratory of slide R1 using comparison material he collected himself (that is, discarded diabetic testing strips and bloodied gauze). According to materials presented to us in the appendix record on appeal, that testing confirmed that no spermatozoa was present on the slide, but results indicated that petitioner "[could] not be excluded as a contributor" to genetic material contained on the slide. Approximately eight years after taking possession of slide R1, petitioner sought a second independent comparison (by the same provider) using new genetic samples collected by a nurse. He represents that the second test indicates that he is excluded as a contributor to any genetic material contained on slide R1, though slide R1 suggests other genetic contributors. On this basis, petitioner filed, in the Circuit Court of Kanawha County, a motion to vacate his conviction and for a new trial.

The circuit court denied petitioner's motions, first noting its concerns about the chain of custody of slide R1 and the reliability of petitioner's genetic samples. But the circuit court did not rest its denial on those concerns. Rather, it found that slide R1 would not be admissible because Rule 412 of the West Virginia Rules of Evidence prohibits evidence suggesting other sexual activity by the victim. Because the State did not introduce evidence at trial concerning the deposit of semen, the court reasoned, petitioner would be using slide R1 in an attempt to show that D.B. engaged in sexual relations with an individual who was not petitioner. Further, the court explained, evidence of semen deposit of some other origin is not exculpatory because D.B.

---

[2] The State presented the testimony of a serologist, who found semen on two pairs of the underwear, but was unable to identify the associated blood type.

knew petitioner and testified that petitioner was his assailant. The circuit court considered the factors under which a new trial would be granted as set forth in *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979), and determined that slide R1 would not be admissible in a new trial because its purpose is solely "to discredit or impeach a witness on the opposite side," and because petitioner had not been diligent in pursuing this claim. Finally, the circuit court noted that it previously, in a 1998 order, found this issue barred by res judicata.

On appeal, petitioner asserts three assignments of error. First, he argues that the circuit court erred by "ignor[ing] this Court's holding in [*State v.*] *Timothy C.*[, 237 W.Va. 435, 787 S.E.2d 888 (2016)] and [finding] that newly-discovered, exculpatory DNA evidence which clearly falls within the delineated exceptions set forth in the Rape Shield Rule, would be excluded by the Rape Shield Rule." Next, he argues that the circuit court "erred in finding that petitioner is barred by his res judicata from presenting newly-discovered evidence when no previous court has ever considered this evidence." Finally, he argues that the circuit court erred in misapplying the test set forth in the syllabus of *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979), when it considered whether he was entitled to a new trial based on newly-discovered evidence.[3]

We have explained the standard of review applicable to the denial of a motion for new trial, as follows:

> """"Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).' Syllabus point 1, *Andrews*

---

[3] The syllabus of *Frazier* explains:

"A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).

162 W.Va. at 935, 253 S.E.2d at 534.

*v. Reynolds Memorial Hospital, Inc.*, 201 W.Va. 624, 499 S.E.2d 846 (1997)."
Syl. Pt. 1, *Lively v. Rufus*, 207 W.Va. 436, 533 S.E.2d 662 (2000).

Syl. Pt. 2, *State v. Blevins*, 231 W. Va. 135, 140, 744 S.E.2d 245, 250 (2013).

The circuit court acted under no misapprehension of the law when denying petitioner's motion for a new trial and, if it acted under a misapprehension of the evidence, the error was one that served petitioner. The circuit court proceeded to consider whether the "newly-discovered evidence"—that is, slide R1—required a new trial under the factors set forth in *Frazier*. However, as we now know, petitioner did not take possession of newly-discovered evidence when he obtained slide R1. Instead, he acquired an object that was known to his trial counsel nearly forty years ago, prior to petitioner's trial.[4] "[E]vidence . . . within the defendant's knowledge prior to trial . . . does not qualify as newly[-]discovered evidence." *State v. King*, 173 W.Va. 164, 166, 313 S.E.2d 440, 443 (1984) *citing State v. Milam*, 159 W.Va. 691, 701, 226 S.E.2d 433, 440 (1976). Because all three of petitioner's assignments of error address the circuit court's treatment of "newly-discovered evidence," we find that all are without merit.[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2017

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[4] To the extent petitioner argues that DNA test results, rather than slide R1, constitute newly-discovered evidence, we note that petitioner has shown no prior reticence in seeking court orders that would require the testing of DNA evidence. *See State ex rel. Richey v. Hill*, 216 W.Va. 155, 603 S.E.2d 177 (2004). Petitioner has long been aware of slide R1 and the potential for DNA thereon.

[5] The circuit court's order denying petitioner's motion for a new trial was thorough and well-reasoned, and our concise dispensation of this matter implies no criticism of that court's analysis. Rather, our directness is a reinforcement of our earlier pronouncement that the litigation of this matter is past its end. *State ex rel. Richey v. Hill*, 216 W.Va. 155, 167, 603 S.E.2d 177, 189 (2004). There is no newly-discovered evidence, and there is simply no need for the examination to proceed.

4